UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TRUSTEES of the LOCAL 1034 PENSION TRUST FUND,

                                      Plaintiffs,        No.: _____

                - against -

MICHAEL J. QUINN FUNERAL SERVICE INC.;
CORTEGE, LLC; XYZ CORPORATIONS 1-10; and
JOHN AND JANE DOES 1-10,

                                      Defendants.
-----------------------------------------------------------------------X

## COMPLAINT

Plaintiffs, the Trustees (the "Trustees") of the Local 1034 Pension Trust Fund (the "Fund"), by and through their undersigned counsel, bring this action against Defendants Michael J. Quinn Funeral Service Inc. ("Quinn"), Cortege, LLC ("Cortege"), fictitious entities XYZ Corporations 1-10, and fictitious individuals John and Jane Does 1-10, and allege as follows:

### I. INTRODUCTION

1. This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to recover statutorily prescribed withdrawal liability arising out of the cessation of Quinn's obligation to contribute to the Fund as of January 31, 2019.

2. Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees, on behalf of the Fund, seek to recover Quinn's allocated share of the Fund's unfunded vested benefits, liquidated damages, interest, and attorneys' fees and costs.

## II. JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Defendants because Quinn, Cortege, and upon information and belief, XYZ Corporations 1-10 and John and Jane Does 1-10, reside and do business in the State of New York.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seek relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

5. Venue is proper in the Eastern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Fund is administered in this District.

## III. PARTIES

6. The Fund is an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1), and a multi-employer plan within the meaning of ERISA §§ 3(37) and 515, 29 U.S.C. §§ 1002(37) and 1145. The Fund is administered from 48-18 Van Damn Street, Suite 201, Long Island City, New York 11101-3107.

7. Plaintiffs are the Trustees of the Fund, and bring this action in their capacities as fiduciaries pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

8. Defendant Quinn is a for-profit domestic corporation having its principal place of business at 71-01 68th Street, Glendale, New York 11227. Upon information and belief, Michael J. Quinn is the sole owner of Quinn.

9. Defendant Cortege is a for-profit domestic corporation having its principal place of business at 106 Kampfe Place, North Bellmore, New York 11710. Upon information and belief, Michael J. Quinn is the sole owner of Cortege.

10. Defendants XYZ Corporations 1-10 are fictitious entities whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were trades or businesses

2

under common control with Quinn within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

11. Defendants John and Jane Does 1-10 are fictitious individuals whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were sole proprietorships under common control with Quinn within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

## COUNT I

### Withdrawal Liability Owed by Quinn to the Fund
### Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

12. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

13. Quinn was party to a collective bargaining agreement (the "CBA") with the International Brotherhood of Teamsters, Local Union No. 813 (the "Union"), with respect to which the Fund is a third-party beneficiary. Pursuant to the CBA, Quinn was required to remit contributions to the Fund on behalf of those employees covered by the CBA.

14. As of January 31, 2019, Quinn ceased all covered operations within the meaning of the CBA and/or ceased to have an obligation to contribute to the Fund, and therefore, completely withdrew from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a).

15. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated March 5, 2019, a true and correct copy of which is attached as **Exhibit A**, the Fund notified Quinn that it had effectuated a complete withdrawal from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a) as of January 31, 2019, and that its allocated share of the unfunded vested liabilities of the Fund was $117,693, which amount was payable in 240 monthly installments of $445 commencing on or before May 5, 2019.

3

16. After having not received the demanded payment, in accordance with ERISA § 4219(c)(2) to (6), 29 U.S.C. § 1399(c)(2) to (6), by letter dated May 7, 2019, a true and correct copy of which is attached as **Exhibit B**, the Fund notified Quinn that it was in default of its obligation to pay withdrawal liability, and offered it an opportunity to cure the default within sixty (60) days. The letter also notified Quinn that if it failed to timely cure the default, the Fund would elect to accelerate Quinn's withdrawal liability and to assess interest on the total outstanding liability.

17. After having not received the demanded payment within sixty (60) days, by letter dated August 27, 2019, a true and correct copy of which is attached as **Exhibit C**, the Fund notified Quinn that it had failed to cure its default, and that the entire amount of its withdrawal liability, along with accrued interest, which amount totaled $120,449.92, was immediately due and owing.

18. Quinn has failed to remit any amounts in satisfaction of the withdrawal liability assessed by the Fund and has failed to request a review or initiate arbitration within the timeframes set forth in ERISA § 4221(a), 29 U.S.C. § 1401(a).

19. Because Quinn has failed to initiate arbitration proceedings in accordance with the statute, pursuant to ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1), it is liable to pay the accelerated amount of its withdrawal liability.

20. Plaintiffs, the Trustees of the Fund, demand judgment against Quinn for $117,693 for Quinn's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT II

### Controlled Group Liability Owed by Cortege to the Fund
### Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

21. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

22. Upon information and belief, as of January 31, 2019, Michael J. Quinn was the sole owner of Quinn and Cortege.

23. Quinn and Cortege are a brother-sister controlled group within the meaning of 26 U.S.C. § 1563(a)(2) and ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) because, upon information and belief, they are wholly owned by Michael J. Quinn.

24. Cortege is a trade or business that was under common control with Quinn at the time of Quinn's complete withdrawal from the Fund, and therefore, pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), Quinn and Cortege constitute a single employer for purposes of withdrawal liability.

25. As such, Cortege is jointly and severally liable with Quinn for the withdrawal liability resulting from Quinn's complete withdrawal from the Fund.

26. Plaintiffs, the Trustees of the Fund, demand judgment against Cortege for $117,693 for Quinn's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT III

### Controlled Group Liability Owed by XYZ Corporations 1-10 to the Fund
### Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

27. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

28. As of January 31, 2019, fictitious entities XYZ Corporations 1-10 were trades or businesses under common control with Quinn within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

29. As such, XYZ Corporations 1-10 are jointly and severally liable with Quinn for the withdrawal liability resulting from Quinn's complete withdrawal from the Fund.

30. Plaintiffs demand judgment against XYZ Corporations in the amount of $117,693 for Quinn's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT IV

### Controlled Group Liability Owed by John and Jane Does 1-10 to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

31. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

32. As of January 31, 2019, fictitious individuals John and Jane Does 1-10 were sole proprietorships under common control with Quinn within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

33. As such, John and Jane Does 1-10 are jointly and severally liable with Quinn for the withdrawal liability resulting from Quinn's complete withdrawal from the Fund.

34. Plaintiffs demand judgment against John and Jane Does 1-10 in the amount of $117,693 for Quinn's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

| | |
|---|---|
| Dated: August 29, 2019<br>Newark, New Jersey | **PROSKAUER ROSE LLP**<br><br>By:    */s/ Neil V. Shah*<br>        Neil V. Shah<br>One Newark Center<br>1085 Raymond Boulevard<br>Newark, New Jersey 07102<br>(973) 274-3205<br>nshah@proskauer.com<br><br>Anthony S. Cacace<br>Eleven Times Square<br>New York, NY 10036<br>(212) 969-3307<br>acacace@proskauer.com<br><br>*Counsel for the Plaintiffs* |